**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 7 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YUEHUA SUN,<br><br>     Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>     Respondent. | No. 16-70359<br><br>Agency No. A098-819-153<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2021[**]
San Francisco, California

Before:  BALDOCK,[***] WARDLAW, and BERZON, Circuit Judges.

Yuehua Sun, a native and citizen of China, arrived in the United States on a

nonimmigrant visa in 2004 and was ordered removed in 2016. Sun petitions for

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

 [***] The Honorable Bobby R. Baldock, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the Immigration Judge's ("IJ") (1) denial of his applications for asylum, withholding of removal, and Convention Against Torture ("CAT") protection, and (2) finding that he filed a frivolous asylum application. Because the BIA cited *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and included its own analysis, we review the findings of both the BIA and IJ ("agency"). *See Bondarenko v. Holder*, 733 F.3d 899, 906 (9th Cir. 2013). We deny the petition for review.

1. The agency's adverse credibility determination is supported by substantial evidence. Sun represented in his asylum application that his work unit ordered him sterilized, deducted a fine from his wages, and demoted him because he violated China's one-child policy. The agency determined that Sun's sterilization statement was false, that he recanted the statement only once confronted about it and after having several opportunities to correct it, and that his fine-and-demotion claim was implausible because at the time of his second child's birth, he was only intermittently working. Such falsehoods go "to the heart of [] petitioner's claim" and are grounds for an adverse credibility finding in a pre-REAL ID Act case such as this one.[1] *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011).

---

[1] We review the adverse credibility determination under the standards prior to the REAL ID Act because Sun filed his asylum application on May 5, 2005, six days

Further, Sun's recantation of the false sterilization statement was neither voluntary nor timely. *See Valadez-Munoz v. Holder*, 623 F.3d 1304, 1309–10 (9th Cir. 2010).

Additionally, the IJ properly determined that Sun's demeanor was suspicious, as the record reflects multiple instances in which Sun was unresponsive to questions about both of the above falsehoods. *See Bingxu Jin v. Holder*, 748 F.3d 959, 965 (9th Cir. 2014).

2. The agency's frivolous determination is supported by the record. An asylum application is frivolous if "[a]ny of the material elements in the asylum application is deliberately fabricated." 8 C.F.R. § 208.20(a)(1). The IJ's findings "must be supported by a preponderance of the evidence." *Ahir v. Mukasey*, 527 F.3d 912, 917 (citing *Matter of Y-L-*, 24 I. & N. 151, 154 (BIA 2007)). Here, Sun's false sterilization statement was a material element in his asylum application, and Sun confessed that he deliberately kept the statement in his application despite knowing it was false. Thus, a preponderance of the evidence in the record supports the IJ's determination. *See id*. at 918; *see also Khadka v. Holder*, 618 F.3d 996, 1002, 1005 (9th Cir. 2010) (applying a preponderance standard); *Yan Liu v. Holder*, 640 F.3d 918, 930 (9th Cir. 2011) (same). Sun does not challenge whether

---

before the Act went into effect. *See Kaur v. Gonzales*, 418 F.3d 1061, 1064 n.1 (9th Cir. 2005).

he received "notice of the consequences of filing a frivolous application," whether the IJ made "specific findings," or whether he had a "sufficient opportunity to account for any discrepancies or implausibilities in his application." *Ahir*, 527 F.3d at 917. In any event, Sun was warned of the consequences of filing a frivolous application, the IJ and BIA made specific findings, and Sun had several opportunities to account for his false statement.

**PETITION DENIED.**